Mr. Justice Merrick
delivered the opinion of the court.
The object of this proceeding is to rectify a mistake in a certain deed of trust made by George A. Haske and wife, to secure a certain debt, which by assignment came after-wards into the ownership of Christian Ruppert, the complainant.
After the deed of trust had been made and had thus rested for several years, it appeared that there had been a mistake made in the description of the property. By an error in the recitals of the scrivener, he had conveyed the west half of a certain lot instead of the east half of it. Subsequently the deed of conveyance of the property was corrected as between the original parties, but the deed of trust was not corrected; and afterwards (after the correction) the grantee in it, Bedelía Haske, conveyed the property in trust for the benefit of her husband, George A. Haske.
While the property was thus in the possession of George A. Haske as cestui que trust under a complete and vested title, certain judgments were obtained against George A. Haske, and afterwards, the judgment creditors, for the purpose of perfecting the lien upon the equitable estate, filed their bill in equity to subject that real estate to the payment *267 of tbe judgments; and in that state of the case the beneficiaries under the deed of trust filed their bill to correct the description in the deed, so as to override the perfected, equitable lien which had been obtained in the manner I have indicated by the judgment creditors of the cestui que trust and the grantee in the corrected deed.
The question now before the court, therefore, is whether, under these circumstances, a correction can be made in the deed, as between grantor and grantee, so as to oust the perfected equitable lien obtained by the judgment creditors of the cestui que trust, the grantee or beneficiary under the deed of trust.
Notwithstanding the provisions of the Recording Acts of the States, it at one time had come to be a pervading idea that an equitable title in a party who had had a mistake made in his legal rights would override the lien of a judgment creditor. But of recent years a more correct view has been taken of the obligation resting upon all parties to take notice of and be bound by the record titles of the country. And courts the most eminent have regretted that there has ever been a departure from the requirements of the record law so as to let in an equity of an unwritten kind to oust the title and deprive parties who have given credit to others upon the faith of the record titles.
But however that may be, we have recently had legislation which explicitly declares that the record title as it stands shall be binding in favor of the creditors and subsequent purchasers of notes so as to exclude these latent equities in behalf of the party, which, of course, would be perfect as between the original parties. And such has been the special provision of the Act of 1878 in this District, and upon that act this court has explicitly decided, in the case of Bank vs. Hitz, reported in 1 Mackey, 125, that the rights of creditors are saved and they cannot be invaded by virtue of the provision of that law which says that an unrecorded title shall not prevail against the creditors or bona fide purchasers.
To the same effect have been the statutory provisions in *268 several of the States, and the judgments of the highest courts of the land in conformity with those statutes, upholding the policy and maintaining the integrity of the terms of the statute. Amongst others may be mentioned the case in 11 How., 140, of McCoy vs. Rhodes, and the other case of Taylor vs. Doe, in 18 How., 293.
These decisions render it, in our judgment, no longer an open question in this court, and make it imperative upon us to say that the equity to reform a deed under these circumstances cannot prevail against a bona fide judgment creditor who has a legal lien, or in case of an equitable estate has taken the necessary steps to perfect his equitable lien on such estate.
“Against any creditor,” is the language of the statute of 1878; and being bound by that decision and that recognized policy, we are constrained to say that the application to reform the deed as against the present judgment creditors cannot prevail in this court. So far as the rights, if there be any, the legitimate rights, of the grantee are concerned, after the satisfaction of the judgment creditors, of course the reformation will be granted to that extent.
The decree will be made in conformity with this opinion.